# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60601
Summary Calendar

NOE ADALBERTO ZUNIGA RODRIGUEZ

Petitioner

v.

MICHAEL B. MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 558 302

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Noe Adalberto Zuniga Rodriguez (Zuniga), a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Zuniga testified that he was physically attacked on several occasions and threatened that he would be killed if he did not join Mara 18, a gang that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

operates in Honduras and other parts of Central America. Zuniga argues that he is entitled to withholding of removal because of his membership in a social group that consists of young, unprotected individuals who refuse to join organized criminal gangs such as Mara 18 and who have reported the gangs' criminal activities to the authorities. Zuniga further contends that his opposition to joining the gang constitutes a political opinion.

To establish that he is a member of a particular social group, Zuniga must show that he shares a common immutable characteristic that he cannot change or should not be required to change because it is fundamental to his individual identity or conscience. See Mwembie v. Gonzales, 443 F.3d 405, 414-15 (5th Cir. 2006). Zuniga failed to make such a showing. He similarly failed to show that he was persecuted because of his political opinion. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 351 (5th Cir. 2002).

Zuniga therefore has not established that it is more likely than not that he would be threatened by persecution on account of either his political opinion or his membership in a particular social group. See Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004). The BIA's determination that Zuniga is not entitled to withholding of removal is supported by substantial evidence and will not be disturbed. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Zuniga does not seek review of the IJ's determination that his claim for asylum was time barred. Zuniga has therefore waived the issue. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Zuniga's CAT claim is likewise unavailing, as he has failed to show that he will likely be tortured under government acquiescence if he is returned to Honduras. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 354 (5th Cir. 2002).

Zuniga's petition for review is DENIED.