**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-60447
Summary Calendar

MIGUEL CRUZ-ALVAREZ; YANETTA YAMILET GONZALES-ALVAREZ,

Petitioners,

v.

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A94 802 040
No. A94 802 041

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Miguel Cruz-Alvarez and his sister, Yanetta Yamilet Gonzales-Alvarez,

natives and citizens of El Salvador, petition for review of the denial of their ap-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plications for asylum and withholding of removal. They argue that they are entitled to asylum because they are members of a particular social group––children targeted for recruitment into gangs––and because they have shown that in all likelihood they will face persecution by gang members if removed to El Salvador. They also contend that the immigration judge ("IJ") erred in denying their application for withholding of removal, because they have shown that they have been persecuted and have presented corroborating evidence demonstrating the dangers faced by children in El Salvador.

Because the Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion, we review the findings of the IJ. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We apply the substantial evidence test in reviewing the IJ's factual findings. *Id.* That standard requires that the decision be based on the evidence presented and be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). The petitioner has "the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134 (internal quotation marks and citation omitted).

Petitioners have not met that burden. To be members of a particular social group, they must share a common immutable characteristic that they cannot change or should not be required to change because it is fundamental to their individual identity or conscience. *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). They have not made such a showing. *See In re S-E-G-*, 24 I&N Dec. 579, 584 (BIA 2008); *In Re E-A-G-*, 24 I&N Dec. 591, 594 (BIA 2007).

The characteristics of youth and resistance to gang activity are too generalized and do not provide a meaningful basis for distinguishing the petitioners from other persons. Therefore, the IJ did not err in determining that they failed to demonstrate that they are entitled to asylum, so they cannot meet the more stringent standard for withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004). Accordingly, the petition for review is DENIED.