# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60426
Summary Calendar

SELVIN GERARDO RIVERA-BARRERA

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99 538 185

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Selvin Gerardo Rivera-Barrera, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision denying his application for asylum and withholding of removal. Rivera-Barrera avers that he will be persecuted on account of his membership in social group consisting of young Guatemalan males targeted by gangs for recruitment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the BIA's determination that an alien is not entitled to asylum or withholding of removal for substantial evidence and will not reverse the BIA's decision unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). To obtain asylum, an applicant must demonstrate "persecution or a well-founded fear of persecution" on the basis of race, religion, nationality, membership in a particular social group, or political opinion. *Efe v. Ashcroft*, 293 F.3d 899, 904 (5th Cir. 2002) (quoting 8 U.S.C. § 1101(a)(42)(A) (2000)). The standard for obtaining withholding of removal is even higher, requiring a showing that it is more likely than not that the applicant's life or freedom would be threatened by persecution on one of those grounds. *Id.* at 906.

The BIA did not err in determining that Rivera-Barrera failed to demonstrate that he was a member of a particular social group entitled to protection. His contention that as a young Guatemalan male, he is a member of a social group targeted by gangs for recruitment is overly broad and does not establish a meaningful basis for distinguishing him from other people. *See Perez-Molina v. Gonzales*, 193 F. App'x 313, 314 (5th Cir. 2006); *Sanchez-Trujillo v. INS*, 801 F.2d 1571, 1576-77 (9th Cir. 1986). Accordingly, there is substantial evidence to support the BIA's denial of asylum and withholding of removal. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir.2005)

The petition for review is DENIED.