PER CURIAM: *
Jose Vladimir Orellana-Monson (Jose) and his brother Andres Eduardo Orellana-Monson (Andres) petition for review of the determination of the Board of Immigration Appeals (BIA) that they are not entitled to asylum or withholding of removal. The United Nations High Commissioner for Refugees moves to file a late amicus curiae brief; that motion is GRANTED.
Jose was age eleven and Andres was age eight when they entered the United States in October 2005. They sought asylum and withholding of removal because they feared Jose’s recruitment by the Mara 18 gang and reprisal from that gang if Jose refused to join.
The Orellana-Monsons contend that the BIA’s opinion did not provide sufficient explanation for rejection of their claims and does not reflect a meaningful review of the evidence. They argue that it is unclear whether the BIA found that they did not belong to a particular social group. They argue that they have a well-founded fear of persecution on the basis of Jose’s political opposition to gang membership and that Jose is a member of a particular social group, namely, Salvadoran males between the ages of eight and fifteen who have been recruited but who do not wish to belong to a gang.
The Orellana-Monsons have not demonstrated that they are members of any particular social group. See Perez-Molina v. Gonzales, 193 Fed.Appx. 313, 315 (5th Cir.2006); In re S-E-G- 24 I & N Dec. 579, 584 (BIA 2008); In Re E-A-G-, 24 I. & N. Dec. 591, 594 (BIA 2007). Nor have they shown that opposition to gangs constitutes a political opinion. See Rodriguez v. Mukasey, 292 Fed.Appx. 410, 410 (5th Cir.2008); see also Santos-Lemus v. Mukasey, 542 F.3d 738, 745-47 (9th Cir.2008). The Orellana-Monsons have not shown that they are entitled to asylum. See Tamara-Gomez v. Gonzales, 447 F.3d 343, 348 (5th Cir.2006). Because the Orellana-Monsons have not demonstrated that they are entitled to asylum, they cannot satisfy the more demanding standard for withholding of removal. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir.2002).
We are cognizant of extensive gang activity in El Salvador and also of the gangs’ despicable practice of recruiting young children to commit crimes. However, the desire to escape from gang recruitment and gang violence, without more, does not *204 constitute grounds for asylum or withholding of removal. See Eduard, v. Ashcroft, 379 F.3d 182, 190 (5th Cir.2004) (holding that aliens fleeing from generally bad country conditions do not qualify for asylum).
PETITION DENIED; MOTION TO FILE LATE BRIEF GRANTED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.