# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60794
Summary Calendar

MELVA ESPERANZA VILLANUEVA-AMAYA; JEFFRY MUNIR VILLANUEVA-AMAYA; BAYRON OSMIN CHINCHILLA-VILLANUEVA; JOSE INAYN CHINCHILLA-VILLANUEVA

Petitioners

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 403 410
No. A098 403 394
No. A098 403 395
No. A094 770 741

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Melva Esperanza Villanueva (Villanueva), Jeffry Munir Villanueva-Amaya (Jeffry), Bayron Osmin Chinchilla-Villanueva (Bayron), and Jose Inayn Chinchilla-Villanueva (Jose), who are all citizens and natives of Honduras, have petitioned for review of the Board of Immigration's (BIA) order affirming the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration Judge's (IJ) denial of their individual applications for asylum and for withholding of removal.

Villanueva argues that she, Bayron, and Jeffry, established exceptional circumstances excusing their failure to file an application within one year of their arrival into the United States. Villanueva relies on the fact that she was very ill when she entered the United States in 2002. The Government responds that the court lacks jurisdiction to review the claim regarding proof of exceptional circumstances because the petitioners have not raised a question of law or a constitutional issue regarding the issue.

An alien's failure to file an application for asylum within one year of his or her latest arrival in the United States, may be excused if the alien shows "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period." § 1158(a)(2)(B), (D). After the passage of the REAL ID Act, this court has jurisdiction to review a determination of timeliness that turns on a constitutional claim or question of law. *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007). However, this court lacks jurisdiction to review determinations of timeliness that are based on findings of fact. *See id*. at 594-95.

The IJ's rejection of Villanueva's argument that her medical condition constituted an exceptional circumstance justifying the untimely filing of an asylum application was a factual determination. Villanueva has not challenged the determination on a legal or constitutional basis. Thus, this court lacks jurisdiction to consider the asylum claims of Villanueva, Jeffry, and Bayron. *Zhu*, 493 F.3d at 594-95. However, they remain entitled to seek withholding of removal. Jose timely filed an application for asylum and may seek both types of relief.

Villanueva argues that the IJ erred in determining that she was not subject to persecution despite the evidence that she was socially ostracized and

evidence of discrimination against HIV positive and AIDS patients in the Government hospitals and clinics in Honduras.

The Government is correct that the respondents did not address the issue of Villanueva's ability to obtain medical treatment in San Pedro in their appeal to the BIA or in their brief to this court. The failure to exhaust administrative remedies with respect to an issue deprives this court of jurisdiction to review that claim. *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Thus, the court cannot review the claim that there is discrimination in the medical treatment of HIV positive or AIDS patients that rises to the level of persecution.

To be eligible for withholding of removal, an alien must demonstrate a "clear probability" of Government sanctioned persecution upon return. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). Villanueva failed to present compelling evidence that the social ostracism which she experienced in Honduras constituted persecution. *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996); *Jukic v. INS.*, 40 F.3d 747, 749 (5th Cir. 1994) (internal quotation marks omitted). Further, there was no evidence that the Honduran Government sanctions social ostracism of HIV positive persons or that Villanueva was personally singled out for mistreatment. Villanueva has not shown past persecution or a clear probability that she will be persecuted if she returns to Honduras. *Jukic*, 40 F.3d at 749; *Faddoul*, 37 F.3d at 188. Nor have Jose, Bayron, or Jeffry shown that they suffered persecution or fear future persecution due to their relationship to Villanueva. Therefore, the boys cannot claim persecution warranting asylum or withholding of removal based on their mother's condition.

Villanueva argues that, in addition to being persecuted because of their kinship with her, her sons and brother are subject to persecution by gang members because they are young males who have lost two brothers or uncles to murder at the hand of gangs. The petitioners complained in their appeal to the BIA that gang violence has been recognized in the Country Reports to exacerbate

3

the problems with human rights in Honduras, but did not address the IJ's specific finding that the petitioners did not establish that they could not receive police protection in other areas of the country. The failure to exhaust this claim administratively deprives this court of jurisdiction over the issue. *Wang*, 260 F.3d at 452-53.

However, the BIA denied this claim based on its determination that there was no evidence that the gang was motivated to attack the youth based on a protected ground. The petitioners failed to present compelling evidence that young Honduran males exposed to gang violence are part of particular social group, who have common immutable characteristics. Youth, nationality, and gender are general traits that are not common immutable characteristics that cannot be altered. *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir.2006).

The petitioners have not provided compelling evidence showing that the IJ erred in denying Jose's claim for asylum or all the petitioners' applications for withholding of removal.

The respondents have not pursued a claim under Convention Against Torture on appeal. Thus, this issue has been abandoned. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED.