**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-61083
Summary Calendar

JOSE ELISEO CUA-TUMAX

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 70 566 974

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Jose Eliseo Cua-Tumax, a native and citizen of Guatemala, seeks review of the order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") decision denying his application for cancellation of removal and asylum. We dismiss for lack of jurisdiction the part of his petition that seeks cancellation of removal under 8 U.S.C. § 1229b, and we deny the part of his petition that seeks asylum under 8 U.S.C. § 1158.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We generally have authority to review only the BIA's decision unless it is influenced by that of the IJ, in which case we review both decisions.[1] In the instant case, the BIA offered its own analysis in affirming the IJ's decision; we therefore review only the BIA's decision.

Cua-Tumax contends that he is eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1) because he meets all of the statutory requirements, including that his removal would cause his daughters, United States citizens, to suffer an "exceptional and extremely unusual hardship."[2] Congress, however, has stripped us of jurisdiction to review claims for discretionary relief under § 1229b except when a petition involves a constitutional claim or question of law.[3] Cua-Tumax alleges no constitutional violation and we cannot recast as an issue of law his claim based on the cumulative effect of financial and educational hardship that his family would suffer. We therefore lack jurisdiction to consider whether the BIA erred in denying cancellation of removal.

Cua-Tumax next urges that the BIA erroneously denied his asylum claim because it failed to recognize his status as a member of a "particular social group" — "young men who have been actively recruited by gangs and have refused to join them." We review the BIA's legal holdings *de novo* and its factual findings for substantial evidence.[4] The Secretary of Homeland Security or the Attorney General, in his discretion, may grant asylum to "refugees" under 8 U.S.C. § 1158(b)(1). To qualify as a refugee, a petitioner must establish persecution or a well-founded fear of persecution in his country on the basis of

---

[1] *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

[2] *See* 8 U.S.C. § 1229b(b)(1)(D).

[3] *Id.* § 1252(a)(2)(B)(i), (a)(2)(D); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).

[4] *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

any of five categories of which membership in a particular social group is one.[5] Members of a particular social group "share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences."[6] We, like the BIA and IJ, hold that Cua-Tumax has failed to establish that he is a member of any particular social group.[7] The categories of youth and gang recruitment are overly broad and offer no meaningful basis for distinguishing Cua-Tumax from other persons.

PETITION DISMISSED IN PART; DENIED IN PART.

---

[5] 8 U.S.C. § 1101(a)(42)(A).

[6] *Mwembie v. Gonzales*, 443 F.3d 405, 414–15 (5th Cir. 2006) (internal quotation marks omitted).

[7] *See Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (deferring to the BIA's interpretation in holding that "young Honduran men who have been recruited by gangs but refuse to join do not constitute a particular social group"). In a series of recent unpublished — and therefore non-precedential — opinions, we have rejected claims that petitioners belong to a particular social group based on their resistance to gang membership. *See, e.g.*, *Cruz-Melgar v. Holder*, No. 08-60456, 2009 WL 1744023, at *1 (5th Cir. June 22, 2009) (per curiam); *Orellana-Monson v. Holder*, No. 08-60394, 2009 WL 1657037, at *1 (5th Cir. June 15, 2009) (per curiam); *Rivera-Barrera v. Holder*, 322 F. App'x 375, 375–76 (5th Cir. 2009) (per curiam); *Cruz-Alvarez v. Holder*, 320 F. App'x 273, 274 (5th Cir. 2009) (per curiam). Although we are not bound by any of these decisions, we agree with their results, concluding that "Guatemalan youths who resist gang recruitment" does not constitute a particular social group.