# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-60278
Summary Calendar

NIXSA IDALIA SORTO-DE PORTILLO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nixsa Idalia Sorto-De Portillo ("Petitioner") petitions for review of the Board of Immigration Appeals' ("BIA") denial of her application for withholding of removal. Yet, when, as in this case, the BIA "affirm[ed] without opinion" the reasoning of the Immigration Judge ("IJ"), "the decision of the [IJ], and not the Board's summary affirmance, [is] the proper subject of judicial review." *Soadjede v. Ashcroft*, 324 F.3d 830, 832 (5th Cir. 2003). We conclude that the IJ's denial of Petitioner's application was correct and therefore deny the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"To be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994)). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his [or her] race, religion, nationality, membership in a particular social group, or political opinion." *Id.* Petitioner argued below, as well as on appeal, that her "anti-gang values" and "her refusal to abide" by the rules set forth by local gangs, particularly their demands for money, led to her persecution and qualify her as a member of a particular social group, the community against gangs.[1] However, the IJ stated in an oral order that Petitioner's personal political views or refusal to pay bribes to local gangs were insufficient to qualify her as a member of a protected social group as each was not an "immutable characteristic," which is necessary to form the basis of a social group.

In general, "[i]n a petition for review . . . determinations as to purely legal questions are reviewed de novo." *Andrade v. Gonzales*, 459 F.3d 538, 542 (5th Cir. 2006). Findings of fact must be upheld "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Kane v. Holder*, 581 F.3d 231, 237 (5th Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). There is some question as to whether the agency's construction of what constitutes a "social group" is entitled to deference—either *Chevron* or *Skidmore*, *see Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984); *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)—and even if it is a determination of law or fact. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 858-60 (9th Cir. 2009) (stating that "the BIA's

---

[1] Petitioner also implies that her anti-gang values could constitute a "political opinion" qualifying her for withholding of removal. However, as she fails to cite even one authority supporting this argument, the argument is waived. *See* FED. R. APP. P. 28(a)(9)(A) (Appellant's brief must contain his or her "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies....").

determination, in a published disposition" of what is a social group "is entitled to *Chevron* deference," but not addressing the deference given to unpublished dispositions); *Argueta-Rodriguez v. INS*, No. 95-2367, 1997 WL 693064, at *5 (4th Cir. Oct. 29, 1997) (unpublished) (Ervin, J, concurring in judgment) (reviewing the debate as to whether this determination is one of law or fact). This is an open issue in this Circuit. Nonetheless, because we conclude that Petitioner's argument fails under the most liberal standard of review, de novo review, we need not reach that issue here.

We find no basis on which to reverse the IJ's determination that Petitioner failed to establish that she was a member of a particular social group so as to qualify for withholding of removal. "To establish that he [or she] is a member of a 'particular social group,' an applicant must show that he [or she] was a member of a group of persons that share a common immutable characteristic . . . ." *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). Numerous other cases, like the IJ's opinion in this case, have held that one's personal anti-gang values or antagonistic relationship with gangs does not amount to a common immutable characteristic establishing a particular social group. *See*, *e.g.*, *Cua-Tumax v. Holder*, No. 08-61083, 2009 WL 2957332, at *3 (5th Cir. Sept. 15, 2009) (unpublished) ("We, like the BIA and IJ, hold that Cua-Tumax has failed to establish that he is a member of any particular social group. The categories of youth and gang recruitment are overly broad and offer no meaningful basis for distinguishing Cua-Tumax from other persons."); *Villanueva-Amaya v. Holder*, No. 08-60794, 2009 WL 2900266, at *2 (5th Cir. Sept. 10, 2009) (unpublished) ("The petitioners failed to present compelling evidence that young Honduran males exposed to gang violence are part of [a] particular social group, who have common immutable characteristics."). We find no basis on which to distinguish these cases, where petitioners shared similar experiences with an identifiable group and still were not found to be members of a social group, from the instant

case, where Petitioner fails to articulate how one would identify the members of her alleged social group and does not suggest that others participated in like activities or shared in her experiences. Therefore, we uphold the IJ's determination.

Because we uphold the IJ's determination that Petitioner failed to demonstrate that she had the requisite status for withholding of removal, we need not reach her other arguments.

For the foregoing reasons, the petition is DENIED.