# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2010

No. 09-60475
Summary Calendar

Lyle W. Cayce
Clerk

PEDRO JUAN VASQUEZ-AJPACAJA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 939 823

Before GARWOOD, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Pedro Juan Vasquez-Ajpacaja, a native and citizen of Guatemala, has filed a petition for review of an order by the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his applications for asylum and withholding of removal. Vasquez-Ajpacaja alleged that he had been persecuted in Guatemala and feared future persecution on account of his membership in two social groups -- people who are against the ways of and are harassed by gangs and people who are heirs or family members of property owners. He presented

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence that he was robbed by members of a gang (none of whom he knew), those gang members wanted to rob him on a second occasion, and his family had been involved in a property dispute with their neighbors, which resulted in his father's murder. There is no evidence he was known to be (or was) "against the ways of gangs."

As the BIA denied Vasquez-Ajpacaja's application for immigration relief based in part on the IJ's opinion and in part on its own findings, we will review both decisions. *See Zhu v. Gonzales,* 493 F.3d 588, 593 (5th Cir. 2007). We review an immigration court's rulings of law de novo and its findings of fact to determine if they are supported by substantial evidence in the record. *Id.* at 594.

Both the BIA and the IJ determined that the harm Vasquez-Ajpacaja suffered in Guatemala did not rise to the level of persecution and that he was thus unable to establish that he was persecuted or had a well-founded fear that he would be persecuted should he return to his native country. The evidence does not compel a contrary conclusion. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004).

The BIA and IJ also determined that Vasquez-Ajpacaja failed to establish that the harm he suffered in Guatemala occurred as a result of his race, religion, nationality, membership in a particular social group, or political opinion. Vasquez-Ajpacaja has not demonstrated that he is a member of social group protected under 8 U.S.C. § 1101(a)(42)(A). *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006); *see also e.g.*, *Sorto-De Portillo v. Holder*, No. 09-60278, 2010 WL 10948, at \*2 (5th Cir. 2010) ("Numerous other cases, like the IJ's opinion in this case, have held that one's personal anti-gang values or antagonistic relationship with gangs does not amount to a common immutable characteristic establishing a particular social group.").

As Vasquez-Ajpacaja has not shown that he is a refugee as defined in § 1101(a)(42)(A)), he is not eligible for asylum. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Accordingly, he cannot meet the more stringent standard

No. 09-60475

of eligibility for withholding of removal.  *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

      PETITION FOR REVIEW DENIED.