# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2010

No. 09-60674
Summary Calendar

Lyle W. Cayce
Clerk

BLANCA OLIVIA FLORES-VASQUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 318 952

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Blanca Olivia Flores-Vasquez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) denial of her request for asylum and withholding of removal. Her request is based on her claiming she was gang raped repeatedly in El Salvador.

Flores maintains the BIA erred when it determined she failed to establish she was persecuted on account of her membership in a "particular social group" of "Salvadoran women who are made sexual slaves". (Flores raised additional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asylum theories before the IJ and the BIA, including that she was persecuted due to: suspicions that her father was a government informant; her father's social prominence; or her membership in her family as a social group. Both the BIA and the IJ rejected these contentions, and Flores has not presented them on appeal. Accordingly, she has abandoned them. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).)

The Attorney General may grant asylum to an applicant who qualifies as a refugee under 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b). A refugee is a "person who is outside any country of such person's nationality", who cannot or is unwilling to return to "that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion". 8 U.S.C. § 1101(a)(42)(A).

"An applicant for withholding of removal has the burden of showing that 'it is more likely than not' that his life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum . . . ." *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (citing 8 C.F.R. § 208.16(b)); *see also* 8 U.S.C. § 1231(b)(3). "Withholding of removal is a higher standard than asylum. . . . [One who] does not meet the bar for asylum . . . also does not meet the standard for withholding". *Efe*, 293 F.3d at 906.

Although she describes horrific incidents, Flores fails two prongs of the asylum test. First, she has failed to establish membership in "a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is 'fundamental to their individual identities or consciences'". *See Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006) (quoting *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352–53 (5th Cir. 2002)) (internal quotation marks omitted). She has not submitted evidence establishing that there are other members of this group or that this group in fact exists; and it is described too broadly to provide a meaningful basis for distinguishing its members. *See, e.g., Rivera-Barrera v. Holder*, 322 F. App'x

2

375, 376 (5th Cir. 2009) (unpublished); *Cua-Tumax v. Holder*, 343 F. App'x 995, 997 (5th Cir. 2009) (unpublished).

Second, Flores has not submitted compelling evidence supporting her position that she was persecuted "on account of" her alleged membership in the claimed social group of "Salvadoran women who are made sexual slaves". *See INS v. Elias-Zacarias*, 502 U.S. 478, 481–83 & n.1 (1992) (interpreting 8 U.S.C. § 1101(a)(42)(A)). For example, there was no compelling evidence that her attackers were motivated by this alleged status; in fact, it remains unclear why she was targeted.

In sum, Flores does not meet the standard for asylum. Accordingly, she does not meet the above-discussed more stringent standard for withholding of removal. *See Efe*, 293 F.3d at 906.

DENIED.