# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60898
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2014

Lyle W. Cayce
Clerk

VICTOR EDDY GEOVANI DE LEON-SAJ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 819 177

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Eddy Geovani De Leon-Saj (De Leon), a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) summarily affirming the immigration judge's (IJ) decision denying his application for asylum and withholding of removal. De Leon argues that he established past persecution and a well-founded fear of future persecution on account of his membership in a particular social group

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consisting of students in Guatemala who were recruited by gangs to sell drugs on behalf of the gangs and who refused.

Where, as here, the BIA summarily affirms the IJ's decision without opinion, this court reviews the IJ's decision. *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007). Questions of law are subject to de novo review. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). "Factual findings are reviewed for substantial evidence, which requires only that the BIA's decisions be supported by record evidence and be substantially reasonable." *Id.* (internal quotation marks and citations omitted). Under the substantial evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (alteration in original) (internal quotation marks and citation omitted).

To be eligible for asylum, De Leon must establish "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [him]." 8 U.S.C. § 1158(b)(1)(B)(i); *see Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348–49 (5th Cir. 2006). De Leon could qualify for asylum either by showing that he has suffered past persecution or that he has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). To prevail on a claim of past persecution, De Leon must establish that he suffered persecution at the hands of the "government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). To establish a well-founded fear of future persecution, De Leon "must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation marks and citation omitted). The standard for obtaining withholding of removal is

even higher, requiring a showing that it is more likely than not that the applicant's life or freedom would be threatened by persecution based on one of the protected grounds. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

De Leon's petition for review is unsuccessful for two reasons. First, in his brief to this court, De Leon has not challenged the IJ's determination that he failed to show that the government of Guatemala was unwilling or unable to protect him. Thus, he has abandoned any challenge to that determination. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (treating as abandoned an argument not briefed on appeal). Further, because De Leon also did not challenge in his brief to the BIA the IJ's finding that he had not proved that the Guatemalan government was unwilling or unable to control the gang members, the issue is unexhausted and this court therefore lacks jurisdiction to consider the issue. *See Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009).

Second, the BIA did not err in determining that De Leon failed to demonstrate that he was a member of a particular social group entitled to protection. The social group in which De Leon claims membership—students in Guatemala targeted by gangs—is overly broad and does not establish a meaningful basis for distinguishing him from other people. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012).[1] De Leon argues that

---

[1] Numerous cases in this court have held that one's antagonistic relationship with gangs does not amount to a common immutable characteristic establishing a particular social group. *See, e.g.*, *Sorto-De Portillo v. Holder*, 358 F. App'x 606, 607-08 (5th Cir. 2010) (holding that the petitioner's personal political views and refusal to pay bribes to local gangs did not qualify her as a member of a protected social group); *Cua-Tumax v. Holder*, 343 F. App'x 995, 997 (5th Cir. 2009) ("The categories of youth and gang recruitment are overly broad and offer no meaningful basis for distinguishing [the petitioner] from other persons."); *Villanueva-Amaya v. Holder*, 344 F. App'x 97, 100 (5th Cir. 2009) (holding that "[t]he petitioners failed to present compelling evidence that young Honduran males exposed to gang violence are part of [a] particular social group, who have common immutable characteristics"); *Rivera-Barrera v. Holder*, 322 F. App'x 375, 376 (5th Cir. 2009) (reasoning that petitioner's "contention that as a young Guatemalan male, he is a member of a social group targeted by gangs for

the BIA should have considered the issue of "social visibility" in light of *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014). De Leon, however, has not explained how the BIA's reasoning in *Matter of M-E-V-G*, which merely clarified the BIA's interpretation of the phrase "particular social group," would have altered the BIA's decision when reviewing his own case. *See* 26 I. & N. Dec. at 228 (clarifying that "ocular" visibility is not required to qualify as a "particular social group" and renaming the "social visibility" element as "social distinction").

In sum, the BIA's determination that De Leon failed to show persecution on account of membership in a particular social group is supported by substantial evidence. *See Orellana-Monson*, 685 F.3d at 522. Because De Leon has not shown that he is eligible for asylum, he also cannot show that he meets the higher standard for withholding of removal. *See Efe,* 293 F.3d at 906. The petition for review is therefore DENIED.

---

recruitment is overly broad and does not establish a meaningful basis for distinguishing him from other people").