# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2016

Lyle W. Cayce
Clerk

EDWIN JOSE PADILLA VELASQUEZ, also known as Edwin J. Padilla,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 240 882

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Edwin Jose Padilla-Velasquez, a native and citizen of Honduras, petitions this court for review of the denial of his applications for withholding of removal and relief under the Convention Against Torture (CAT). He argues that he is statutorily eligible for withholding of removal because he has shown that he would be persecuted on account of his membership in the particular social group of "Honduran able bodied, tattooed, adult males who have no gang

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60080

association but are perceived by their physical appearance to be gang members." He also argues that he was eligible for relief under the CAT.

Padilla-Velasquez did not challenge the IJ's denial of withholding of removal based on his religion in his appeal before the BIA. In addition, his argument that the BIA made an error in its decision-making process should have been raised in a motion to reconsider before the BIA. *See Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009). Because Padilla-Velasquez failed to exhaust his administrative remedies, this court lacks jurisdiction to consider these issues. *See Dale v. Holder*, 610 F.3d 294, 298-301 (5th Cir. 2010). We dismiss the petition in part on this basis.

This court retains jurisdiction over constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 461 (5th Cir. 2006). We find that substantial evidence supports the BIA's determination that Padilla-Velasquez's proposed social group lacks social distinction and therefore does not meet the test for a particular social group. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521 (5th Cir. 2012) (a cognizable particular social group requires "particularity" and "social visibility"); *De Leon-Saj v. Holder*, 583 F. App'x 429, 431 (5th Cir. 2014) (recognizing that the BIA renamed the "social visibility" element as "social distinction"). Padilla Velasquez's petition for review in this respect is therefore denied.

Padilla-Velasquez also argues that the IJ violated his procedural due process rights by failing to adjudicate his CAT claim. This argument fails because he has not shown that he was substantially prejudiced by the BIA's actions. *See Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012). Further, substantial evidence supports the BIA's decision that he was not entitled to CAT relief. *See Orellana-Monson*, 685 F.3d at 518.

No. 15-60080

Padilla-Velasquez does not challenge the denial of his application for asylum or cancellation of removal.  Therefore, he has abandoned these claims. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012).

The petition for review is DENIED in part and DISMISSED in part.