# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2021

Lyle W. Cayce
Clerk

No. 20-60211
Summary Calendar

Lorenzo Juarez-Ortiz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 377 384

---

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Lorenzo Juarez-Ortiz is a native and citizen of Guatemala. In 2012, the Department of Homeland Security served him with a notice to appear, contending that Juarez-Ortiz was removable. Juarez-Ortiz conceded removability but applied for (1) asylum, (2) withholding of removal, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60211

(3) relief under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied the application. Juarez-Ortiz then appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal. He now petitions for review of the BIA's dismissal. We deny that petition.

"We review the BIA's decision; we consider the IJ's decision only to the extent it influenced the BIA." *Martinez Manzanares v. Barr*, 925 F.3d 222, 226 (5th Cir. 2019). We review factual findings for substantial evidence. *Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019). So we "reverse only if the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Id.* (internal quotation marks omitted). We review preserved legal questions de novo. *Martinez Manzanares*, 925 F.3d at 226.

Juarez-Ortiz first argues that the IJ lacked jurisdiction to conduct removal proceedings because the notice to appear lacked the date and time of the initial hearing. That argument, however, is squarely foreclosed by *Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021).

Next, Juarez-Ortiz challenges the BIA's asylum and withholding-of-removal determinations on several grounds. But both challenges fail for the same reason: The BIA reasonably found that Juarez-Ortiz did not show a protected ground under 8 U.S.C. § 1158(b)(1)(B)(i). *See, e.g.*, *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) ("An applicant who has failed to establish the less stringent well-founded fear standard of proof required for asylum relief is necessarily also unable to establish an entitlement to withholding of removal." (internal quotation marks omitted)).

Specifically, Juarez-Ortiz asserted two protected grounds: a "membership in a particular social group" and a "political opinion." First, the BIA reasonably found that Juarez-Ortiz's asserted social group—"men who are morally opposed to the gangs"—lacks the required particularity and

social distinctness. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012) (determining that a materially similar group "men who were recruited but refused to join [the gang]" failed the particularity and social-distinction requirements); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016) (citing approvingly *Sorto–De Portillo v. Holder*, 358 F. App'x 606, 608 (5th Cir.2010) (per curiam) ("Numerous other cases have held that one's personal anti-gang values or antagonistic relationship with gangs does not amount to a common immutable characteristic establishing a particular social group.") (alteration omitted)).

Second, the BIA reasonably found that Juarez-Ortiz's opinion against the gangs is not political. He stated that he was "morally opposed to the gangs" because he does not agree with the things that they did. And in all events, the BIA reasonably found that there was no persecution because of a political opinion. That is because the record indicates that the gangs were motivated by criminal (not political) concerns. *See Lopez De Villeda v. Wilkinson*, 848 F. App'x 152, 157 (5th Cir. 2021) (per curiam) (finding that gang violence was not motivated by a political opinion where the record evidenced that the gang members were motivated by "economic and criminal concerns"); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002) ("The relevant question is the motivation of the [claimed] persecutor."). We cannot conclude that the BIA was "compelled" to find the contrary. *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (per curiam). This suffices to reject Juarez-Ortiz's challenges involving asylum and withholding of removal.

Finally, Juarez-Ortiz challenges the BIA's CAT determination. We reject that challenge. "Torture" includes only "pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Qorane*, 919 F.3d at 911. The BIA found, among other

things, that the record had insufficient evidence on the "sufficient state action" requirement. *Martinez Manzanares*, 925 F.3d at 228 (internal quotation marks omitted); *Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017) (internal quotation marks omitted). That finding is reasonable. So Juarez-Ortiz's CAT challenge fails.

The petition for review is DENIED.