United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60808
Summary Calendar

JESUS ANTONIO PEREZ-MOLINA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 180 607
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jesus Antonio Perez-Molina (Perez) has petitioned for review
of the Bureau of Immigration Appeals's (BIA) decision denying his
application for asylum and withholding of removal.  Perez asserts
that he is the victim of persecution by a gang, the Mara
Salvatrucha (MS), and that he has a well-founded fear of future
persecution because of his membership in a social group
consisting of young Salvadoran males.  Perez contends that the
evidence shows that he refused to join the MS, that the MS was
aware of his opposition, that the MS had the power to punish its

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enemies, and that the MS was inclined to punish him. He contends that two threatening letters and an incident when he was assaulted and threatened in a school bathroom show that he was the victim of persecution.

"Although this Court generally reviews decisions of the BIA, not immigration judges, it may review an immigration judge's decision when, as here, the BIA affirms without additional explanation." Moin v. Ashcroft, 335 F.3d 415, 417 (5th Cir. 2003). "[T]his Court must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." Id. Under this standard, "the alien must show that the evidence is so compelling that no reasonable factfinder could conclude against it." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). An IJ's findings on credibility are accorded "great deference." Efe v. Ashcroft, 293 F.3d 899, 904 (5th Cir. 2002).

The Attorney General is authorized, in his discretion, to grant asylum to aliens who qualify as refugees. 8 U.S.C. § 1158(b)(1). An alien is a refugee when he is outside of his country and "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.

§ 1101(a)(42)(A).  The term "persecution" requires a showing by the alien that "harm or suffering will be inflicted upon [him] in order to punish [him] for possessing a belief or characteristic a persecutor sought to overcome."  Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994) (quotation marks omitted).  "Because the level of proof required to establish eligibility for withholding of removal is higher than that required for asylum, failure to establish eligibility for asylum is dispositive of claims for withholding of removal."  Majd v. Gonzales, 446 F.3d 590, 595 (5th Cir. 2006).

The immigration judge (IJ) did not err in determining that Perez had not shown that he was persecuted on account of his membership in a particular social group.  "To establish that he is a member of a 'particular social group,' an applicant must show that he was a member of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is 'fundamental to their individual identities or consciences.'"  Mwembie v. Gonzalez, 443 F.3d 405, 414–15 (5th Cir. 2006).  The characteristics of youth, nationality, and gender are too generalized and do not provide a meaningful basis for distinguishing Perez from other persons—they lack particularity and are overbroad.  See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1576–77 (9th Cir. 1986).

The IJ found that Perez's testimony was not credible. Although discrepancies in Perez's testimony may have involved insignificant matters, as Perez suggests, they also provide substantial evidence supporting the IJ's finding on credibility. See Efe, 293 F.3d at 904. Even if credible, Perez's testimony about the relatively mild incident in the school bathroom and the threatening notes does not compel the conclusion that the IJ erred in determining that Perez had not shown past persecution or a well-founded fear of future persecution. See Majd, 446 F.3d at 595. Substantial evidence also supports IJ's finding that Perez can avoid future difficulties by relocating within El Salvador. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 445 (5th Cir. 2001). The petition is DENIED.