United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61038
Summary Calendar

_____

EUFRASIO SERAT-AJANEL,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 924 894
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

    Eufrasio Serat-Ajanel (Serat) petitions for review of an
order of the Board of Immigration Appeals (BIA) affirming an
immigration judge's (IJ) decision denying Serat's application for
asylum as untimely and withholding of removal.  To the extent
that Serat may seek review of the denial of asylum, Serat failed
to address the timeliness issue and has, therefore, waived the
issue.  <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 833 (5th Cir. 2003).

    After receiving a notice to appear for being illegally
present in the United States, Serat sought asylum or withholding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of removal. He alleged that, as a member of a particular social group of young, Guatemalan males, he was subject to persecution. Serat testified that he had been approached by gang members and vaguely threatened about what would happen if he did not join the gang. The IJ determined that Serat had not established that he had a well-founded fear of persecution on account of his race, religion, nationality, membership in any particular social group, or his political opinion. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002); 8 C.F.R. § 208.16(b)(1).

Because the BIA order relied upon the IJ's decision, this court reviews the underlying order. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002). We review factual conclusions for substantial evidence and questions of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

Serat contends that the decision by a single member of the BIA violated agency regulations, in that the BIA member should have either referred Serat's case to a three-member BIA panel or remanded the case to the IJ for additional fact-finding. Serat's appeal, however, satisfied none of the criteria for either a referral to a three-member panel or for a remand. See 8 C.F.R. § 1003.1(e)(6); In re S-H-, 23 I & N Dec. 462 (BIA Sept. 12, 2002), 2002 WL 31173153.

Serat additionally argues that the BIA erred in affirming the IJ's determination that he failed to establish that young Guatemalan males were a "particular social group." "To establish

that he is a member of a 'particular social group,' an applicant must show that he was a member of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is 'fundamental to their individual identities or consciences.'" Mwembie v. Gonzalez, 443 F.3d 405, 414-15 (5th Cir. 2006). The characteristics of youth, nationality, and gender are extremely general. Such a "group" lacks the sort of specific characteristics that distinguish and identify a particular social group. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1576-77 (9th Cir. 1986). Serat failed to show that he was a member of a particular social group subject to persecution on account of that membership.

Lastly, Serat argues that the BIA and the IJ erred in finding that he failed to show persecution or the probability of future persecution if he returned to Guatemala. The incidents to which Serat testified were insufficient to compel a conclusion contrary to that of the BIA and the IJ.

The petition for review is DENIED.