# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-60129
Summary Calendar

AMALIA REBECA CHAY-ZAPETA,

Petitioner,

v.

MICHAEL B. MUKASEY, US ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 022 915

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Amalia Rebeca Chay-Zapeta (Chay), a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision denying her application for asylum and withholding of removal. The IJ found that Chay's testimony that a gang member had attempted to kill her brother while the family was living in Guatemala was credible. Chay argues that she was a member of a social group consisting of young Guatemalan women that was persecuted by gangs that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

targeted them for recruitment. She contends that the incident involving her brother establishes past persecution and that she has a well-founded fear of future persecution if she returns to Guatemala.

We review the BIA's determination that an alien is not entitled to asylum or withholding of removal for substantial evidence and will not reverse the BIA's decision unless the evidence compels a contrary conclusion. Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006). To obtain asylum, an applicant must demonstrate "persecution or a well-founded fear of persecution" on the basis of race, religion, nationality, membership in a particular social group, or political opinion. Efe v. Ashcroft, 293 F.3d 899, 904 (5th Cir. 2002) (quoting 8 U.S.C. § 1101(a)(42)(A) (2000)). The standard for obtaining withholding of removal is even higher, requiring a showing that it is more likely than not that the applicant's life or freedom would be threatened by persecution on one of those grounds. Id. at 906. The BIA did not err in determining that Chay failed to demonstrate that she was a member of a particular social group entitled to protection. Her contention that as a young Guatemalan woman, she is a member of a social group that gangs are targeting to recruit is overly broad and does not establish a meaningful basis for distinguishing her from other people. See Perez-Molina v. Gonzales, 193 F. App'x 313 (5th Cir. 2006); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1576-77 (9th Cir. 1986). Additionally, she did not show that gang members had ever threatened her or attempted to recruit her. Accordingly, there is substantial evidence to support the BIA's denial of asylum and withholding of removal. See Efe, 293 F.3d at 904-06.

The petition for review is DENIED.