# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2010

No. 09-60576
Summary Calendar

Lyle W. Cayce
Clerk

RINA ESPERANZA BERMUDEZ-MERINO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 669 993

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rina Esperanza Bermudez-Merino (Bermudez), a citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) order denying her request for withholding of removal and for voluntary departure. Bermudez argues that she is entitled to withholding of removal because of past persecution and the likelihood of future persecution on account of her membership in a particular social group.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the BIA's determination that Bermudez is not eligible for withholding of removal under the substantial evidence standard, meaning that we will affirm "unless the evidence compels a contrary conclusion." *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002); *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

As the Government contends, Bermudez makes no meaningful argument challenging the BIA's determination that the harassment she suffered and/or feared upon return at the hands of gang members in El Salvador was not sufficiently serious to constitute persecution. She has thus waived any argument that she faces a clear probability of future persecution if she returns to her home country, as is required to be eligible for withholding of removal. *See Soadjede*, 324 F.3d at 833; *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).

Moreover, substantial evidence supports the BIA's determination that Bermudez was not a member of a particular social group subjected to persecution. Bermudez claims membership in a group of persons who earn a living and are subject to extortion by gang members in El Salvador. However, she has not demonstrated that the putative group has the requisite social visibility or immutable traits that make it readily identifiable or distinguishable from the general population. Bermudez's ownership of her small business is not fundamental to her identity or conscience, and extorted business owners are not considered to be a particular social group. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006); *In re A-M-E- & J-G-U-*, 24 I.&N. Dec. 69, 69 (BIA 2007). To the extent that Bermudez argues that she is part of the group subject to recruitment by gangs in El Salvador, the argument is unavailing both because the evidence in this case does not support her claim and because persons subject to recruitment by gangs are not a particular social group. *See Perez-Molina v. Gonzales*, 193 F. App'x 313, 314-15 (5th Cir. 2006).

Accordingly, the petition for review is DENIED.