# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2010

No. 09-60770
Summary Calendar

Lyle W. Cayce
Clerk

LUCAS DEL ROSARIO ROMERO-ARGUETA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 917 492

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lucas Del Rosario Romero-Argueta, a native and citizen of El Salvador, conceded removability and filed an application for asylum and withholding of removal under 8 U.S.C. § 1158(b)(1)(B)(i), based on past persecution. He petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) order denying his application.

An immigration court's findings of fact are reviewed for substantial evidence. *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Mikhael v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*INS*, 115 F.3d 299, 302 (5th Cir. 1997). That an alien is *not* eligible for asylum or withholding of removal are findings of fact reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). Under this standard, reversal is *not* warranted unless the evidence not only supports a contrary conclusion, but compels it. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Deference is accorded the BIA's interpretation of immigration statutes "unless the record reveals compelling evidence that the BIA's interpretation is incorrect". *Mikhael*, 115 F.3d at 302.

To qualify for asylum, an alien must demonstrate either past persecution or a well-founded fear of future persecution on account of one of five protected grounds: (1) race, (2) religion, (3) nationality, (4) membership in a particular social group, or (5) political opinion. 8 U.S.C. § 1101(a)(42)(A); *see Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). To qualify for withholding of removal, a petitioner "must demonstrate a 'clear probability' of persecution on the basis of" one of the five grounds for asylum. 8 C.F.R. § 208.16(b); *see Chen*, 470 F.3d at 1138. Because this is a higher burden than for asylum, a petitioner's failure to establish entitlement to asylum necessarily defeats a claim for withholding of removal. *Chen*, 470 F.3d at 1138.

Romero contends he has been persecuted, and fears future persecution, on the basis of his membership in a "particular social group": young, single, Salvadoran men who do not wish to join the Maras gang. "To establish that he is a member of a 'particular social group,' an applicant must show that he was a member of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is 'fundamental to their individual identities or consciences.'" *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). Romero's contention, based on characteristics of youth, nationality, and gender, is too generalized and lacks the specific characteristics needed to distinguish him as a member of a "particular social group". *See Sanchez-Trujillo v. INS*, 801 F.2d 1571, 1576-77 (9th Cir.

2

1986); *see also Perez-Molina v. Gonzales*, 193 F. App'x 313, 315 (5th Cir. 2006); *Serat-Ajanel v. Gonzales*, 207 F. App'x 468, 470 (5th Cir. 2006) (both unpublished).

Romero did *not* assert to the BIA that the IJ proceedings violated his due process rights; therefore, this court lacks jurisdiction to consider the issue. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). To the extent he contends the BIA failed to afford him due process because his testimony was sufficient to carry his burden of proof, his contentions are without merit. *See Sanchez-Trujillo*, 801 F.2d at 1576-77. The evidence does *not* compel reversal of the BIA's dismissal of Romero's claim for asylum. *See Chen*, 470 F.3d at 1134. Accordingly, he *cannot* meet the higher burden for withholding of removal. *Id.* at 1138.

A majority of Romero's brief here consists of assertions regarding the BIA's purported failure to grant his request for remand or referral to a three-member panel based on the Rule of Lenity, various regulations, and erroneous credibility determinations by the IJ. Romero made *no* such request to the BIA. These assertions are divorced from the record and have plainly been lifted from prior briefs filed in this court by attorney Pablo Rodriguez. At certain points, his briefs refer to the wrong petitioner and wrong BIA board member. Rodriguez is CAUTIONED that he will be subject to sanctions if he files any future briefs containing such deficiencies.

PETITION DENIED.