# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2011

No. 10-60231
Summary Calendar

Lyle W. Cayce
Clerk

ARNOLDO PEREZ-LOPEZ, also known as Arnoldo Perez,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. AO88 063 193

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Arnoldo Perez-Lopez (Perez) petitions for review of the Board of Immigration Appeals's (BIA) dismissal of his appeal from the Immigration Judge's (IJ) order denying his application for withholding of removal.

This court reviews the decision of the BIA unless the IJ's decision influenced the BIA's decision. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Since the BIA adopted the IJ's findings and conclusions, the IJ's findings are reviewable. *Id*. Factual findings are reviewed for substantial evidence and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

questions of law are reviewed de novo. *Id.* The BIA's determination that an alien is not eligible for withholding of removal is a factual finding reviewed under the substantial evidence standard. *Id.* "We will affirm the B[IA]'s decision unless the evidence compels a contrary conclusion." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

Perez first contends that the BIA violated his rights to due process and equal protection by failing to follow its regulations. Perez argues that his case should have been remanded to the IJ because the IJ failed to make any findings. However, the IJ expressly found that he was credible and engaged in a detailed factual and legal analysis to support its conclusion that he was not entitled to withholding of removal. Perez also argues that his case should have been referred to a three-member panel, but he has not shown that his case meets the criteria for referral set forth in 8 C.F.R. § 1003.1(e)(6). In addition, Perez argues that the BIA erred by issuing a "summary affirmance," or affirmance without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4). The BIA did not expressly invoke § 1003.1(e)(4), and the substance of its decision establishes that the case was not affirmed without opinion. *Cf.* § 1003.1(e)(4)(ii). Perez has not established that the BIA violated any other regulation. Accordingly, his due process and equal protections claims are without merit.

Next, Perez contends that he is entitled to withholding of removal because he established past persecution and a well-founded fear of future persecution on account of his membership in a particular social group and imputed political opinion. We need not resolve whether he has preserved this issue because his petition is without merit. Perez has not demonstrated that he is a member of a particular social group. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). Nor has he shown that he or his family was or will be persecuted on account of their political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Accordingly,

substantial evidence supports the BIA's determination that Perez was not entitled to withholding of removal. *See Efe*, 293 F.3d at 903.

To the extent that Perez also contends he is entitled to asylum, Perez did not challenge, before the BIA, the IJ's determination that he was not eligible for asylum because he failed to file his application within one year of his arrival in the United States. Perez's failure to exhaust this issue is a jurisdictional bar to our review of the issue. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). The petition for review is DENIED.

A substantial portion of Perez's brief is devoted to argumentation that is divorced from the record. In another case, Pablo Rodriguez, counsel for Perez, filed a brief containing similar deficiencies. *Romero-Argueta v. Holder*, No. 09-60770, 2010 WL 3937357, at *2 (5th Cir. Oct. 1, 2010) (unpublished). We issued the following warning in that case: "Rodriguez is CAUTIONED that he will be subject to sanctions if he files any future briefs containing such deficiencies." *Romero-Argueta*, 2010 WL 3937357, at *2.

The instant brief was filed before the foregoing warning was issued. However, counsel did not move to withdraw or amend the instant brief after receiving the warning. Further, counsel did not file a reply brief clarifying the discrepancies noted by the Government in this case.

Accordingly, within 30 days of the date of this order, Pablo Rodriguez is ORDERED to show cause why he should not be sanctioned for filing a brief containing arguments that are not supported by the record.