# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60201
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2017

Lyle W. Cayce
Clerk

REYNA ISABEL GIRON-DURAN,

Petitioner

v.

SALLY Q. YATES, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 027 429

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Reyna Isabel Giron-Duran, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals's (BIA's) dismissal of her appeal of the Immigration Judge's (IJ's) decision denying her application for asylum, for withholding of removal, and for relief under the Convention Against Torture (CAT). She challenges the BIA's conclusion that she failed to establish membership in a cognizable particular social group for the purposes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60201

of asylum or withholding of removal.  This court reviews only the BIA's decision unless the IJ's decision "has some impact on the BIA's decision." *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 785 (5th Cir. 2016) (quoting *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009)).  The BIA's factual findings are reviewed for substantial evidence and its legal conclusions are reviewed *de novo.  See Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

In her petition for review, Giron-Duran asserts persecution on the basis of her membership in the particular social group of "women who flee Honduras because of gang extortion and violence."  We have rejected similarly amorphous proposed social groups and perceive no error in the BIA's determination that Giron-Duran's definition failed to satisfy its social distinction and particularity factors. *See id.* at 521-22; *see also Hernandez-De La Cruz*, 819 F.3d at 786-87 & n.1; *Bermudez-Merino v. Holder*, 372 F. App'x 498, 500 (5th Cir. 2010).  Accordingly, Giron-Duran was not eligible for asylum or withholding of removal. *See Orellana-Monson,* 685 F.3d at 522.

Giron-Duran did not exhaust her administrative remedies with respect to the new social group definition she presents in her petition for review, so we dismiss that portion of her petition for lack of jurisdiction. *See Hernandez-De La Cruz*, 819 F.3d at 786.  In addition, Giron-Duran has waived her claim for CAT relief by failing to raise it in her petition for review. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.