# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 20-60930

Salem Isai Alvarado-Velasquez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 158 658

Before Higginbotham, Higginson, and Oldham, *Circuit Judges*.
Per Curiam:*

Salem Isai Alvarado-Velasquez petitions for review of an order by the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of removal. We deny the petition.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60930

I.

Alvarado-Velasquez, a Honduran citizen, entered the United States in April 2015 without a valid entry document. He appeared, with counsel, at a hearing before an immigration judge (IJ) and conceded that he is removable. He then filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He asserted a fear of returning to Honduras because a gang known as "Los Grillos" demanded monthly payments from his family's business and threatened to harm him and members of his family if they did not pay.

The IJ first concluded petitioner's application for asylum was time-barred. In the alternative, the IJ concluded the application failed to demonstrate a well-founded fear of future persecution on account of a protected ground and had not established petitioner would more likely than not be tortured in Honduras. Petitioner asserted he was a member of a particular social group (PSG) of "Honduran business owners," but the IJ concluded that group is not cognizable under the INA. The IJ therefore denied his application for asylum, withholding of removal, and CAT protection.

Petitioner appealed the IJ's decision to the BIA. The BIA dismissed the appeal, agreeing with the IJ that petitioner had not established eligibility for asylum or withholding of removal because his proposed PSG of "Honduran business owners" was not cognizable. The BIA also agreed with the IJ that the petitioner had failed to establish eligibility for protection under the CAT. Alvarado-Velasquez petitioned this court for review of the BIA's order and asks us to remand the case with instructions to grant the application for asylum and withholding of removal. Alvarado-Velasquez's petition does not challenge the Board's conclusion that he is ineligible for CAT protection.

## II.

"We review the BIA's decision and only consider the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). "We review questions of law *de novo* and factual findings under the substantial evidence standard, which requires only that the BIA's decisions be supported by record evidence and be substantially reasonable." *Luna-Garcia De Garcia v. Barr*, 921 F.3d 559, 565 (5th Cir. 2019) (quotation omitted). We cannot grant the petition "unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (quotation omitted).

### A.

The BIA concluded petitioner's proposed social group—"Honduran business owners"—is not cognizable under the INA. We agree.

To qualify for asylum, an applicant must show he is unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Ghotra v. Whitaker*, 912 F.3d 284, 288 (5th Cir. 2019) (quoting 8 U.S.C. § 1101(a)(42)(A)). A "particular social group" is one the applicant shows is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Jaco v. Garland*, 24 F.4th 395, 403 (5th Cir. 2021). An immutable characteristic is one members of the group "either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006) (quotation omitted).

The BIA did not err in concluding petitioner failed to establish his eligibility for asylum by failing to demonstrate membership in cognizable PSG. As the BIA rightly explained, being a business owner is not a shared

No. 20-60930

characteristic that qualifies as "immutable or fundamental to one's identity or conscience." *See Bermudez-Merino v. Holder*, 372 F. App'x 498, 500 (5th Cir. 2010) (per curiam) ("[Petitioner's] ownership of her small business is not fundamental to her identity or conscience[.]"). We have frequently rejected similar employment-based groups on grounds that one's employment can change. *See, e.g.*, *Mwembie*, 443 F.3d at 415 (concluding petitioner's employment status was not "fundamental to her identity or conscience" because "she c[ould] change her employment"); *Penado-Hernandez v. Barr*, 795 F. App'x 283, 285 (5th Cir. 2020) (per curiam) ("[A] person's employment is generally not considered an immutable characteristic."). And here, petitioner conceded that "being a business owner is something that can change." Without showing he is a "member of a group of persons that share a common immutable characteristic," petitioner cannot show he is a member of a "particular social group" and cannot establish eligibility for asylum. *Mwembie*, 443 F.3d at 414–15; *see also Rodriguez-Hidalgo v. Holder*, 540 F. App'x 350, 351 (5th Cir. 2013) (per curiam) (denying petition solely on grounds that petitioner failed to establish the requisite immutability).[†] And "[b]ecause the asylum standard is more lenient than the standard for withholding of removal," the failure to establish eligibility for the former "forecloses eligibility" for the latter. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

## B.

Petitioner also argues the IJ erred in (1) finding petitioner's application was not timely filed, and (2) concluding petitioner failed to

---

[†] In closing arguments before the IJ, petitioner also characterized his proposed PSG as "previous business owners." He did not advance this formulation before the BIA, and the BIA did not address it. He has therefore failed to exhaust on this issue. *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2007).

No. 20-60930

establish the requisite level of harm sufficient to qualify as persecution. Even if petitioner were correct that the IJ erred in these respects, a remand would be futile, because he cannot succeed on his application without demonstrating membership in a cognizable PSG. *See Jaco*, 24 F.4th at 406 ("A remand is also inappropriate because it would be futile.").

The petition is DENIED.